IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CITIBANK, N.A., As Trustee, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-12-3599 |
| § | | |
| JAMES GILBERT CAVAZOS and § | | |
| DENNIS SHAVER, § | | |
|     Defendants. § | | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 48] filed by Plaintiff, Citibank, N.A., As Trustee for Structured Asset Mortgage Investments II Trust 2007-AR3 Mortgage Pass-Through Certificates Series 2007-AR3 ("Citibank"), to which Defendant Dennis Shaver filed a Response [Doc. # 58], Citibank filed a Reply [Doc. # 59], and Shaver filed a Supplement [Doc. # 60]. Citibank seeks summary judgment on its trespass-to-try-title and quiet title claims.[1] Having considered the parties' briefing, the applicable legal authorities, and all matters of record, the Court **grants** Citibank's Motion.

---

[1] Citibank also has pending claims against Shaver for slander of title, false statement to obtain property and tortious interference with prospective relations.

**I.     BACKGROUND**

In February 2007, Janet Keefe obtained title to real property located on Glen Burrow Court in Katy, Texas (the "Property"). In connection with the purchase of the Property, Keefe granted a Deed of Trust naming Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. *See* Deed of Trust, Exh. B to Citibank's Motion.

On January 27, 2009, Keefe executed a quitclaim deed and a warranty deed purporting to assign her interest in the Property to Defendant James Gilbert Cavazos.[2] At that time, the Property was subject to the Deed of Trust naming MERS as beneficiary.

On February 3, 2009, Citibank purchased the Property at foreclosure. The Substitute Trustee's Deed identifies MERS as the Mortgagee and Citibank as the buyer. *See* Trustee's Deed, Exh. E to Citibank's Motion. The Substitute Trustee's Deed was filed and recorded in the Fort Bend County property records the same day. *See id.*

Beginning in August 2009, Cavazos and Shaver filed various documents in the Fort Bend County property records. In August 2009, Cavazos filed a deed conveying the property from himself to "Avatar-Group-Trust" ("Avatar"). On June 22, 2010,

---

[2]     Cavazos is in default and a Default Judgment against him will be entered separately.

Defendants filed a deed, signed by Cavazos, conveying the property from Avatar to Shaver. That same day, Shaver filed a Deed of Trust naming Louis Cano as the borrower and Dennis Shaver as the lender. *See* Deed of Trust, Exh. H to Motion. In August 2010, Defendants filed a deed conveying the Property from Citibank to Shaver. The deed was not signed by any authorized representative of Citibank but was, instead, signed by Cavazos. In September 2010, Defendants filed another deed signed without authority by Cavazos that purported to convey the Property from Citibank to Shaver. In February 2011, Shaver filed a quitclaim deed purportedly conveying Cano's interest in the Property to Shaver. In May 2011, Defendants filed another deed conveying the Property from Citibank to Shaver. This deed contained a signature of M. Spritz, who is not an authorized representative of Citibank. These documents have created a cloud on Citibank's title and have prevented Citibank from selling the Property.

      Citibank filed this lawsuit on December 11, 2012. Defendant Cavazos is in default. After requesting and obtaining extensions of time to respond to Citibank's Complaint, Defendant Shaver filed an Answer and Counterclaims [Doc. # 11] on June 19, 2013. Shaver's counterclaims were dismissed by Memorandum and Order [Doc. # 24] entered August 27, 2013.

Following an adequate amount of time to conduct relevant discovery, Citibank filed its Motion for Summary Judgment. The Motion has been fully briefed and is now ripe for decision.

## II.    ANALYSIS

### A.    Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In deciding a motion for summary judgment, the Court must determine whether the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

### B.    Trespass-to-Try-Title and Quiet Title Claims

"An action in trespass to try title is the method of determining title to lands, tenements, or other real property." *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 767 (N.D. Tex. 2012) (quoting TEX. PROP. CODE § 22.001). To prevail on its trespass to try title claim, Citibank must show (1) a regular chain of

conveyances from the sovereign, (2) superior title out of a common source, (3) title by limitations, or (4) title by prior possession coupled with proof that possession was not abandoned. *Id.* (citing *Martin v. Amerman,* 133 S.W.3d 262, 265 (Tex. 2004)).

To prevail on its suit to quiet title, Citibank "has the burden of supplying the proof necessary to establish his *superior equity and right to relief*." *Morlock. L.L.C. v. JPMorgan Chase Bank, N.A.*, 2013 WL 2422778, *1 (5th Cir. June 4, 2013) (internal quotation marks and citations omitted) (emphasis original). In order to recover, Citibank must establish its own right of ownership. *Id.*

In this case, Citibank has demonstrated its superior right to the Property out of a common source – Janet Keefe. Citibank has presented the Deed of Trust executed in February 2007 by Keefe naming MERS as beneficiary. MERS foreclosed on the Property, and Citibank purchased the Property at foreclosure. The Substitute Trustee's Deed was recorded in the Fort Bend County property records.

Shaver's ownership claim is derived from the January 2009 deeds from Keefe to Cavazos. At that time, however, the Property was subject to the February 2007 Deed of Trust. This is true because Keefe could not convey better title than she owned, and she owned the Property subject to the Deed of Trust. *See, e.g., Collora v. Navarro*, 574 S.W.2d 65, 70 (Tex. 1978); *Franz v. Katy Indep. Sch. Dist.*, 35 S.W.3d 749, 754 (Tex. App. – Houston [1st Dist.] 2000, no pet.). "When the owner

of real estate executes a valid deed of trust, and then conveys an interest in the mortgaged property to a third party, the rights of the mortgagor's vendee are subject to the rights held by the beneficiary of the deed of trust." *Motel Enters., Inc. v. Nobani*, 784 S.W.2d 545, 547 (Tex. App. – Houston [1st Dist.] 1990, no writ). As a result, any right to the Property that Cavazos may have received from Keefe was subject to the Deed of Trust and was extinguished by the foreclosure sale and conveyance of the Property to Citibank by the Substitute Trustee's Deed. Shaver, at best, was a tenant at sufferance following the foreclosure sale and the recording of the Substitute Trustee's Deed.[3]  *See Maxwell v. U.S. Bank Nat'l Ass'n*, 2013 WL 3580621, *4 (Tex. App. – Houston [14th Dist.] July 11, 2013) (citing *Bruce v. Fed. Nat'l Mortg. Ass'n*, 352 S.W.3d 891, 893 (Tex. App. – Dallas 2011, pet. denied)).

---

[3] To the extent Shaver may attempt to rely on the argument that he was a bona fide purchaser, the argument is refuted by the uncontroverted record. "Status as a bona fide purchaser is an affirmative defense to a title dispute." *Madison v. Gordon*, 39 S.W.3d 604, 606 (Tex. 2001). "To receive this special protection, one must acquire property in good faith, for value, and without notice of any third-party claim or interest." *Id.* Under Texas law, properly recorded instruments give constructive notice regardless of the purchaser's actual knowledge. *Matter of Hamilton*, 125 F.3d 292, 299 (5th Cir. 1997) (citing *Mooney v. Harlin*, 622 S.W.2d 83, 85 (Tex. 1981); TEX. PROP. CODE § 13.002). Citibank timely recorded the Substitute Trustee's Deed in the proper county's public records and, thus, Shaver had constructive notice of Citibank's superior interest.

Plaintiff has proven that it is entitled to summary judgment on its trespass-to-try-title and quiet title claims by proving that its ownership rights in the Property are superior to Shaver's.

In response to Citibank's Motion, Plaintiff argues that "Plaintiff was never the owner of the Note," asserts a "split-the-note" argument, and challenges compliance with a Pooling and Service Agreement ("PSA").  As explained below, none of these is a legally viable argument.

Shaver's argument regarding Plaintiff's ownership of the Note is without merit.  Plaintiff is the purchaser of the Property at foreclosure.  There is no legal authority requiring the purchaser to own the Note.

Shaver's reliance on a "split-the-note" argument is similarly without merit.  Under such a theory, "a transfer of a deed of trust by way of MERS 'splits' the note from the deed of trust, thus rendering both null."  *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254 (5th Cir. 2013).  The Fifth Circuit has rejected the theory under Texas law, holding that MERS as the original beneficiary under the Deed of Trust has authority to foreclose.  *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013) (citing *Martins*, 722 F.3d at 255); *see also Wiley v. Deutsche Bank Nat'l Trust Co.*, 539 F. App'x 533, 536 (5th Cir. Sept. 6, 2013) (unpublished).  Under

clearly established Fifth Circuit legal authority, MERS as beneficiary of the Deed of Trust had authority to foreclose.

Shaver's challenge to Citibank's ownership of the Property based on an alleged violation of the PSA is equally without merit under clear Fifth Circuit case law. The Court notes that Shaver has presented no evidence of a violation of the PSA or that he qualifies as a third-party beneficiary of the PSA. Indeed, because Shaver was not a party to the Note that was "pooled," it is unlikely that he could qualify as a third-party beneficiary of the PSA. Even if the Court were to assume that the PSA was in some way violated, and that Shaver was a third-party beneficiary of the PSA, the fact that the PSA was violated would not affect the validity of the foreclosure sale to Citibank but would, at best, merely entitle Shaver to file a breach of contract claim against the party that violated the PSA. *See Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 228 (5th Cir. 2013).

## III.   CONCLUSION AND ORDER

Citibank has proven that its ownership rights in the Property are clearly superior to any right Shaver may have. Each of Shaver's arguments in opposition to Citibank's Motion is legally without merit. Accordingly, it is hereby

**ORDERED**   that Citibank's Motion for Summary Judgment [Doc. # 48] is **GRANTED**. It is further

**ORDERED** that Shaver's Motion to Supplement Evidence in Support of Response to Motion for Summary Judgment [Doc. # 60] is **GRANTED**. It is further

**ORDERED** that Defendant Shaver and all counsel shall appear before the Court at **1:30 p.m. on March 12, 2014**, for a status conference regarding Citibank's remaining claims against Defendant Shaver.

SIGNED at Houston, Texas, this **21st** day of **February, 2014**.

_____
Nancy F. Atlas
United States District Judge